958 F.2d 372
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James L. GREEN, Defendant-Appellant.
 No. 91-3653.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1992.
 
 1
 Before RALPH B. GUY, JR., and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 James L. Green, a federal prisoner, appeals the district court's denial of his motion to suppress evidence obtained after his warrantless arrest. Green was subsequently convicted of possession with intent to distribute crack cocaine within 1000 feet of an elementary school in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and § 845a(a), and of possessing a firearm while under a disability in violation of 18 U.S.C. § 922(g)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this appeal.
 
 
 3
 Green was arrested on November 5, 1990 following an informant's tip to FBI agents that he was selling crack at a particular location. A search incident to the arrest turned up a plastic baggie containing over 17 grams of crack which had been secreted in Green's underwear, and a .9 millimeter handgun which he had thrown away while fleeing the officers. An indictment handed down February 6, 1991 charged Green with the two counts described above and a third count of using or carrying a firearm in relation to a drug trafficking offense.
 
 
 4
 Prior to trial, Green moved for suppression of the drugs and handgun based upon an alleged lack of probable cause for his arrest. Following a hearing, the district court denied the motion, finding that the combination of events justified the warrantless arrest and search. A jury then convicted Green of possession with intent to distribute, but acquitted him of carrying a firearm in relation to a drug crime. Green pleaded guilty to the felony firearm count, which had been severed for trial. The district court sentenced Green to 100 months imprisonment and 4 years supervised release.
 
 
 5
 On appeal, Green argues that the district court erred in denying his motion to suppress evidence.
 
 
 6
 Upon review, we affirm the district court's judgment because the totality of the circumstances established probable cause for the arrest of Green, and the subsequent search incident to arrest did not violate his rights under the Fourth Amendment. In addition to the factors tending to establish probable cause cited by the district court, we note that the FBI had been investigating Green since 1988. Thus, the district court's denial of Green's motion to suppress was not clearly erroneous. See United States v. Sangineto-Miranda, 859 F.2d 1501, 1508 (6th Cir.1988).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation